**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**RALPH N. LESTER AND 1989 CHRYSLER, LMA, 780,**

**Plaintiff,**

**v.** **NO. 14-cv-0038 JCH/RHS**

**STAN HARADA; NICHOLAS BULLOCK;**
**THE STATE OF NEW MEXICO (NM); ITS ALBUQUERQUE SUBDIVISION (ABQ); ITS ADMINISTRATIVE HEARING OFFICE (AHO);ITS MOTOR VEHICLE DEPARTMENT (MVD); 2ND DISTRICT COURT AND ITS DISTRICT ATTORNEY FOR THE SECOND JUDICIAL DIVISION (DA),**

**Defendants**.

**MEMORANDUM OPINION AND ORDER**
**DENYING REQUEST FOR TRO AND**
**ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on pro-se Plaintiff Ralph N. Lester's *Petition for Temporary Restraining Order*, filed January 13, 2014 [Doc. 1][1], and on his *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called motion to proceed in forma pauperis "IFP") [Doc. 2].

Because Lester did not pay filing fees but filed a motion to proceed IFP, the Court must "review the affidavit[s] and screen [Lester's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). In

[1] Lester improperly refiled the same Petition for TRO on January 23, 2014. *See* Doc. 7.

reviewing the Complaint, the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Although Lester appears not to be able to pay for filing fees and for the necessities of life, the Court will deny IFP and dismiss the Petition.

**I. IFP must be denied and Lester's cause of action must be dismissed**.

This is the second time in one year that Lester has filed a petition for TRO against these same Defendants, attempting to get this Court to intervene in his state criminal/civil proceedings currently pending in the Second Judicial District. *See Lester v. City of Albuquerque*, No. 13cv0127 (D.N.M.). The Court denied the petition for TRO in the previous case, explaining to Lester that because he "has failed to file a complaint invoking the Court's jurisdiction, the Court has no subject-matter jurisdiction to entertain his motion for a TRO." *Id.* Feb. 7, 2013 Memorandum Opinion and Order ("MOO") at 2 (Doc. 3). After Lester filed a complaint, the Court dismissed it, thoroughly explaining

to Lester why this Court was required to abstain from entertaining his claims under the *Younger* abstention doctrine. *Id.* Nov. 13, 2013 MOO at 1-5 (Doc. 13).

Lester filed an appeal, and then refiled a similar petition for TRO in this case, again without first filing a complaint. The Court need not waste more time again explaining to Lester why he cannot bring his claim in this Court. For the reasons stated in the Court's November 13, 2013 MOO at 1-4 in case number 13cv0127, the Court will deny IFP and dismiss his frivolous cause of action.

**II. Order to show cause why filing restrictions should not be imposed.**

The Court takes judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that Lester has filed many frivolous complaints in this District, including other deficient and frivolous complaints against the City of Albuquerque and its employees – besides the one filed as case number 13cv0127. *See Lester v. City of Albuquerque*, No. 12cv0904 JB/WPL Doc. 11 at 2, 8 (D.N.M. Jan. 31, 2013); *Lester v. Belt*, No. 10cv0589 JB/RHS Doc. 9 at 2-3, 6 (D.N.M. Aug. 26, 2010); *Lester v. City of Albuquerque*, No. 04cv1139 WJ/WDS (D.N.M. Apr. 26, 2005) (Doc. 45 at 2-3) (noting denial of two applications for TRO; finding that Lester's "abusive filing practices encumber judicial efficiency in a federal district court which is already sagging under an enormous case load;" and enjoining Lester "from filing future motions" seeking the same relief). He has also filed other suits that were dismissed because he failed to follow the rules of civil procedure or the orders of the Court, or because the case was patently frivolous, or because it was without merit. *See Lester v. Lester*, No. 12cv0771 LH/WDS (D.N.M. July 18, 2012) (denying IFP and dismissing complaint against "two private individuals (husband and wife) who apparently are his family members" for lack of subject-matter jurisdiction); *Lester v. UNM*, No. 01cv0933 JAP/DJS

Doc. 3 (D.N.M. Aug. 17, 2001) (denying request for TRO because Lester "failed to demonstrate that he has a substantial likelihood of prevailing on the merits of his lawsuit against the Defendants"); *Lester v. New Mexico Board of Bar Examiners*, No. 03cv0959 MCA/ACT Doc. 3 (D.N.M. Aug. 19, 2003) (denying petition for TRO and noting that "jurisdiction over the parties and the subject matter of this action is in question"); *id.* Doc. 19 at 2-3 (D.N.M. Apr. 29, 2004) (ordering Lester to show cause why his case should not be dismissed for "lack of subject-matter jurisdiction, failure to effect service of process, or failure to prosecute"); *id.* Doc. 21 (D.N.M. May 24, 2004) (dismissing case after Lester failed to respond to order to show cause); *id.* Doc. 28 at 2 (D.N.M. July 20, 2009) (denying motion to reopen case because Lester failed to address the "jurisdictional defects noted in the Court's earlier order of dismissal"). The record is clear that Lester ignores legal instruction and repeats the same errors despite the fact that he claims to have graduated from UNM law school. Over the past thirteen years, Lester has also repetitively filed premature interlocutory appeals, and the Tenth Circuit has never reversed this Court's orders dismissing his cases.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted).

> *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations–filing fees and attorney's fees– that deter other litigants from filing frivolous petitions . . . . [T]he Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."

*In re Sindram*, 498 U.S. 177, 179-80 (1991). Further, "[t]here is strong precedent establishing the

inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id*. at 353-54. When, as here, a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

The burden Lester has placed on this Court to respond to his applications to proceed IFP and screen/review his frivolous filings and complaints is unnecessarily wasteful of the Court's limited time and resources. Lester shall show cause in writing, within 14 days of the filing of this Order, why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous suits in this District.

**IT IS ORDERED** that Lester's motion to proceed IFP [Doc. 2] is DENIED and the cause of action is DISMISSED under § 1915(e)(2)(B) for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Lester shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against him. If Lester fails to respond as required, the Court will issue filing restrictions without further notice.

UNITED STATES DISTRICT JUDGE

.